KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, New York 10018
(212) 991-5914
dloh@kmazuckert.com
David Y. Loh, Esq.

Attorneys for Plaintiff
ZURICH AMERICAN INSURANCE COMPANY
File:  448003.00027 DYL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ZURICH AMERICAN INSURANCE COMPANY,   Docket No. _____

                Plaintiff,

   -against-   **COMPLAINT**

LANDSTAR GLOBAL LOGISTICS, INC.;
CSI INTERNATIONAL, INC; ORIENT
OVERSEAS CONTAINER LINE LIMITED;
And HAPAG-LLOYD AKTIENGESELLSCHAFT;

                Defendant(s).
---------------------------------------------------------X

      Plaintiff, ZURICH AMERICAN INSURANCE COMPANY, by its attorneys, KMA ZUCKERT LLC, as and for its complaint herein, alleges upon information and belief:

**JURISDICTION**

1.    The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq. (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 et seq., and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. In the alternative, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff designates the claims alleged herein as admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5. Each Defendant has consented to jurisdiction in this District by virtue of the fact that each of the subject shipments traveled through the Port of New York.

6. Venue is proper in this District as to each Defendant because said Defendant is subject to personal jurisdiction in this District with respect to this action.

## PARTIES

7. At and during all the times hereinafter mentioned, Plaintiff is a marine cargo underwriter, subscribing to Open Policy No. OC 5844104, and is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in New York, and is subrogated to the rights and responsibilities of its subrogor, HYDRO

EXTRUSIONS USA, LLC, and its subsidiary, affiliated or related companies, by virtue of its payments pursuant to the involved policy of insurance, plus additional expenses, which provides for coverage for transit-related damage or loss arising from the international carriage of cargo.

8. Plaintiff insured the shipments described in Schedule A thru K, which are appended hereto and hereby incorporated by reference and made a part hereof.

9. Plaintiff is the duly subrogated insurer of the shipper, consignees and/or receivers of the shipments described in Schedule A thru K, and/or a person with a proprietary interest in the shipments described in Schedule A thru K, and/or a person owning, holding or entitled to possession of the shipments or the bills of lading or waybills described in Schedule A thru K, and/or a person who is a "Merchant" as defined in the bills of lading or waybills described in Schedule A thru K, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants") and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

10. At and during all the times hereinafter mentioned, Defendants LANDSTAR GLOBAL LOGISTICS, INC.; CSI INTERNATIONAL, INC; ORIENT OVERSEAS CONTAINER LINE LIMITED and HAPAG-LLOYD AKTIENGESELLSCHAFT had and now have the legal status and an office and a principal place of business stated in Schedule A thru K, and was and now are engaged in business as a common carrier of goods by sea for hire.

## FACTUAL BACKGROUND

11. On or about the Date of Shipments and at the Port of Loading stated in Schedule A thru K, there was tendered by the shipper and delivered to Defendant LANDSTAR GLOBAL

LOGISTICS, INC.; CSI INTERNATIONAL, INC; ORIENT OVERSEAS CONTAINER LINE LIMITED and HAPAG-LLOYD AKTIENGESELLSCHAFT, as common carrier or otherwise, the shipments described in Schedule A thru K, then being in good order and condition, and said Defendant then and there accepted said shipments so tendered and delivered to said Defendant, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said Defendant agreed to transport and carry said shipments to the Port of Discharge stated in Schedule A thru K, and deliver said shipments, in like good order and condition as when delivered to and received by said Defendant, to the consignee named in Schedule A thru K.

12. The shipments described in Schedule A thru K were in good order and condition when delivered to Defendants and the vessel named in Schedule A thru K.

13. Defendants, or their agents, issued a bill of lading or a waybill for the shipments described in Schedule A, some of the particulars of which are stated in Schedule A thru K.

14. The bill of lading or waybill issued by or on behalf of Defendants were a clean bill of lading or waybill.

15. A contract of carriage or other contract existed between Defendants named in Schedule A thru K, and, others in connection with the shipments described in Schedule A thru K, that the Merchants, and Plaintiff as their subrogee, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

16. Such contracts of carriage or other applicable contracts concern either the carriage of goods by sea to or from a port of the United States of America.

17. All obligations under the contracts of carriage or other applicable contracts to be performed on the part of the Merchants were performed, waived or otherwise excused.

18. Among other obligations and duties, Defendants had an obligation and duty (a) to deliver

the shipments described in Schedule A thru K in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A thru K and (b) to properly and carefully handle, keep and care for said shipments.

19. The shipments described in Schedule A thru K were not delivered in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A thru K and were not properly or carefully handled, kept or cared for by Defendants, in violation of Defendants' obligations and duties as a common carrier of goods by sea for hire, in breach of the contracts of carriage or other applicable contracts, and/or in breach of Defendants' obligations and duties as a bailee for hire.

20. The Merchants suffered damages because the shipments described in Schedule A thru K were not delivered in good order and condition and was not properly or carefully handled, kept or cared for.

21. The Merchants submitted a claim to Plaintiff for the loss of and damage to the shipments described in Schedule A thru K.

22. Plaintiff paid the claim submitted to it for the loss of and damage to the shipments described in Schedule A thru K.

23. By virtue of its payment, Plaintiff is equitably and/or contractually subrogated to the rights and claims of the Merchants.

24. By reason of the premises, the damages sustained, as nearly as the same can now be estimated, no part of which has been paid by Defendants although duly demanded, are in the amount of at least two hundred seventy-five thousand dollars (USD 275,000.00).

## AS AND FOR A FIRST CAUSE OF ACTION
## (COGSA)

25. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "24" of this Complaint with the same force and effect as if more fully set forth herein.

26. The bill of lading, waybill, contract of carriage and shipments described in Schedule A thru K, and other applicable contracts are subject to the provisions of COGSA.

27. The shipments described in Schedule A thru K were in good order and condition when delivered to Defendants and the vessels named in Schedule A thru K.

28. The shipments described in Schedule A thru K were not delivered in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A thru K and were not properly or carefully handled, kept or cared for.

29. Under COGSA, Defendants are liable for the loss of and damage to the shipments described in Schedule A thru K.

30. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipments described in Schedule A thru K.

## AS AND FOR A SECOND CAUSE OF ACTION
## (HARTER ACT)

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "30" of this Complaint with the same force and effect as if more fully set forth herein.

32. To the extent they are not subject to the provisions of COGSA, the bill of lading, waybill, contract of carriage and shipments described in Schedule A thru K, Defendants and other applicable contracts are subject to the provisions of the Harter Act, 46 U.S.C. Sec. 30702.

33. The shipments described in Schedule A thru K were in good order and condition when delivered to Defendants and the vessels named in Schedule A thru K.

34.     The shipments described in Schedule A thru K were not delivered in good order and condition at the Port of Discharge stated in Schedule A thru K and were not properly or carefully handled, kept or cared for.

35.     To the extent it is not liable under COGSA, Defendants are liable under the Harter Act for the loss of and damage to the shipments described in Schedule A thru K.

36.     Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipments described in Schedule A thru K.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

37.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "36" of this Complaint with the same force and effect as if more fully set forth herein.

38.     Defendants breached the contracts of carriage or other applicable contracts by failing to deliver the shipments described in Schedule A thru K in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A thru K and by failing to properly and carefully handle, keep and care for said shipments.

39.     Defendants breached the contracts of carriage or other applicable contracts.

40.     The Merchants suffered damages because of the breach of contract by Defendants.

41.     Plaintiff is entitled to recover the damages suffered because of the breach of contract by Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (BREACH OF BAILMENT)

42.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "41" of this Complaint with the same force and effect as if more fully set forth herein.

43.     The shipments described in Schedule A thru K were entrusted to the care, custody and

control of Defendants named in Schedule A thru K and/or persons for whom said Defendants are vicariously liable for delivery to the Port of Discharge or the Place of Delivery stated in Schedule A thru K.

44. The shipments described in Schedule A thru K were in the care, custody and control of Defendants and/or persons for whom Defendants are vicariously liable at the time said shipments was lost or damaged.

45. Defendants and/or persons for whom Defendants are vicariously liable failed to deliver the shipments described in Schedule A thru K in good order and condition at the Port of Discharge and/or Place of Delivery stated in Schedule A thru K and failed to properly and carefully handle, keep and care for said shipments.

46. Defendants and/or persons for whom Defendants are vicariously liable failed to return the shipments described in Schedule A thru K in good order and condition.

47. The loss of or damage to the shipments described in Schedule A thru K were caused by or resulted from the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

48. The Merchants suffered damages because of the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

49. Plaintiff is entitled to recover the damages suffered because of the loss of and damage to the shipments described in Schedule A thru K.

WHEREFORE, Plaintiff prays as follows:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

(c) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(d) Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       January 31, 2023

                                KMA ZUCKERT LLC
                                Attorneys for Plaintiff
                                ZURICH AMERICAN INSURANCE COMPANY

By:_____
      David Y. Loh
      1350 Broadway, Suite 2410
      New York, N. Y.  10018
      Tel. (212) 991-5914
      Our File:  448003.00027 DYL

**SCHEDULE A**

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant Landstar Global Logistics, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of one of the fifty states with an office and principal place of business located at 840 North 3rd Street, Philadelphia, PA 19123.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PTE LTD. |
| Vessel: | "CMA CGM MAGELLAN" Voy. 215N |
| Place of Receipt: | Elizabeth, New Jersey |
| Port of Loading: | New York, New York |
| Date of Shipment: | May 19, 2022 |
| Bills of Lading: | HBL:  CSW-284796 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TCLU123767, AMFU4992588 and TCLU7111257 said to contain 74 bundles of bars and rods of aluminum alloy |
| Amount of Loss: | $15,000.00, plus transit-related costs and prejudgment interest from May 19, 2022 |
| Zurich ref: | 5730076889 |
| KMAZ File No.: | 448003.00027 DYL |

## SCHEDULE B

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of one of the fifty states with an office and principal place of business located at 201 Hangar Road, Avoca, PA 18641.

Defendant Orient Overseas Container Line Limited was and is a corporate duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o OOCL (USA) Inc., Wall Street Plaza, 88 Pine Street, 11th Floor, New York, NY 10005.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD. |
| Vessel: | "CMA CGM MAGELLAN" Voy. 215N |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | May 15, 2022 |
| Bills of Lading: | HBL: CIRH 850405.1<br>MBL: OOLU2698226860 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TCLU7089750 and TRIU0513201 said to contain 57 packages of aluminum extrusions and rods |
| Amount of Loss: | $9,952.20, plus transit-related costs and prejudgment interest from May 15, 2022 |
| Zurich ref: | 5730076890 |
| KMAZ File No.: | 448003.00027 DYL |

11

## SCHEDULE C

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at 201 Hangar Road, Avoca, PA 18641.

Defendant Orient Overseas Container Line Limited was and is a corporate duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o OOCL (USA) Inc., Wall Street Plaza, 88 Pine Street, 11th Floor, New York, NY 10005.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD. |
| Vessel: | "CMA CGM VON HUMBOLT" Voy. 421N |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | March 23, 2022 |
| Bills of Lading: | HBL:  CIRH 850394.1<br>MBL:  OOLU2693480140 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TLLU128219-0 said to contain 30 packages of aluminum extrusions and rods |
| Amount of Loss: | $39,821.91, plus transit-related costs and prejudgment interest from March 23, 2022 |
| Zurich ref: | 5730076100 |
| KMAZ File No.: | 448003.00027 DYL |

## SCHEDULE D

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant Landstar Global Logistics, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of one of the fifty states with an office and principal place of business located at 840 North 3rd Street, Philadelphia, PA 19123.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD. |
| Vessel: | "CMA CGM T. JEFFERSON" Voy. 419N |
| Place of Receipt: | Elizabeth, New Jersey |
| Port of Loading: | New York, New York |
| Date of Shipment: | April 15, 2022 |
| Bills of Lading: | HBL:  CSW-283556 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TLLU1282271 and TLLU1273222 said to contain 62 bundles of bars and rods of aluminum alloy |
| Amount of Loss: | $23,717.07, plus transit-related costs and prejudgment interest from April 15, 2022 |
| Zurich ref: | 5730076382 |
| KMAZ File No.: | 448003.00027 DYL |

## **SCHEDULE E**

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of one of the fifty states with an office and principal place of business located at 201 Hangar Road, Avoca, PA 18641.

Defendant Orient Overseas Container Line Limited was and is a corporate duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o OOCL (USA) Inc., Wall Street Plaza, 88 Pine Street, 11th Floor, New York, NY 10005.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD. |
| Vessel: | "CMA CGM CHILE" Voy. 007N |
| Place of Receipt: | Elizabeth, New Jersey |
| Port of Loading: | New York, New York |
| Date of Shipment: | October 23, 2021 |
| Bills of Lading: | HBL:   CIRCH 850369.1<br>MBL:  OOLU2682254160 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. OOLU4224006 said to contain 33 packages of aluminum extrusions and rods |
| Amount of Loss: | $2,696.31, plus transit-related costs and prejudgment interest from July 27, 2022 |
| Zurich ref: | 5730074059 |
| KMAZ File No.: | 448003.00027 DYL |

## SCHEDULE F

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant Landstar Global Logistics, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of one of the fifty states with an office and principal place of business located at 840 North 3rd Street, Philadelphia, PA  19123.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD. |
| Vessel: | "CMA CGM JULES VERNE" Voy. 430N |
| Place of Receipt: | Elizabeth, New Jersey |
| Port of Loading: | New York, New York |
| Date of Shipment: | June 13, 2022 |
| Bills of Lading: | HBL:   CSW-290078 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TCLU7130961, TRIU0572842 and OOCU0169706 said to contain 87 bundles of aluminum bars |
| Amount of Loss: | $5,296.51, plus transit-related costs and prejudgment interest from June 13, 2022 |
| Zurich ref: | 5730078224 |
| KMAZ File No.: | 448003.00027 DYL |

## SCHEDULE G

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at 201 Hangar Road, Avoca, PA 18641.

Defendant Hapag-Lloyd Aktiengesellschaft was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o Hapag-Lloyd (America) LLC, 399 Hoes Lane, Piscataway, New Jersey 08854.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | SYNTURN (M) SDN BHD |
| Vessel: | "ONE MINATO" Voy. 016W |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | May 11, 2022 |
| Bills of Lading: | HBL:  CIRH 850403.1<br>MBL:  HLCU BCS2204BHCO0 |
| Port of Discharge: | Johore, Malaysia |
| Place of Delivery: | Pasir Gudang, Malaysia |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. HLXU564643-8 said to contain 26 bundles of aluminum extrusions |
| Amount of Loss: | $123,684.24, plus transit-related costs and prejudgment interest from May 11, 2022 |
| Zurich ref: | 5730078438 |
| KMAZ File No.: | 448003.00027 DYL |

**SCHEDULE H**

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at 201 Hangar Road, Avoca, PA 18641.

Defendant Hapag-Lloyd Aktiengesellschaft was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o Hapag-Lloyd (America) LLC, 399 Hoes Lane, Piscataway, New Jersey 08854.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD |
| Vessel: | "HUMEN BRIDGE" Voy. 084W |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | September 15, 2022 |
| Bills of Lading: | HBL:  CIRH 850433.1<br>MBL:  HLCU BSC2208BZAQ2 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TCLU714293-8 and HLXU565949-8 said to contain 53 packages of aluminum extrusions |
| Amount of Loss: | $15,000.00, plus transit-related costs and prejudgment interest from September 15, 2022 |
| Zurich ref: | 5730078836 |
| KMAZ File No.: | 448003.00027 DYL |

## SCHEDULE I

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at 201 Hangar Road, Avoca, PA 18641.

Defendant Hapag-Lloyd Aktiengesellschaft was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o Hapag-Lloyd (America) LLC, 399 Hoes Lane, Piscataway, New Jersey 08854.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | INNOVALUES PRECISION (THAILAND) LTD |
| Vessel: | "ONE HELSINKI" Voy. 049W |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | September 22, 2022 |
| Bills of Lading: | HBL:  CIRH 850436.1<br>MBL:  HLCU BSC220985188 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. UACU441183-5 and TRLU696288-4 said to contain 56 packages of aluminum rods and extrusions |
| Amount of Loss: | $15,000.00, plus transit-related costs and prejudgment interest from September 22, 2022 |
| Zurich ref: | 5730078835 |
| KMAZ File No.: | 448003.00027 DYL |

## SCHEDULE J

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at 201 Hangar Road, Avoca, PA  18641.

Defendant Hapag-Lloyd Aktiengesellschaft was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o Hapag-Lloyd (America) LLC, 399 Hoes Lane, Piscataway, New Jersey 08854.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | SYNTURN (M) SDN BHD |
| Vessel: | "ONE STORK" Voy. 016W |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | June 10, 2022 |
| Bills of Lading: | HBL:  CIRH 850410.1<br>MBL:  HLCU BSC220620265 |
| Port of Discharge: | Johore, Malaysia |
| Place of Delivery: | Pasir Gudang, Malaysia |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. HLBU8004028 and HLXU5620393 said to contain 56 packages of aluminum rods and extrusions |
| Amount of Loss: | $5,000.00, plus transit-related costs and prejudgment interest from June 10, 2022 |
| Zurich ref: | 5730078587 |
| KMAZ File No.: | 448003.00027 DYL |

19

## SCHEDULE K

**Defendants' Legal Status and Offices and Principal Places of Business:**

Defendant CSI International, Inc. was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at 201 Hangar Road, Avoca, PA  18641.

Defendant Hapag-Lloyd Aktiengesellschaft was and is a corporation duly formed, organized and existing under and by virtue of the laws of a foreign state, with an office and principal place of business located at c/o Hapag-Lloyd (America) LLC, 399 Hoes Lane, Piscataway, New Jersey 08854.

**Shipment:**

| | |
|---|---|
| Shipper: | HYDRO EXTRUSION USA, LLC |
| Consignee: | Innovalues Pte Ltd. |
| Vessel: | "HYUNDAI FORCE" Voy. 095W |
| Place of Receipt: | |
| Port of Loading: | New York, New York |
| Date of Shipment: | October 21, 2022 |
| Bills of Lading: | HBL:   CIRH 850444.1<br>MBL:   HLCU BSC2210AWHK2 |
| Port of Discharge: | Laem Chabang, Thailand |
| Place of Delivery: | Bangkok, Thailand |
| Nature of Loss: | water, rust and physical damage |
| Description of Cargo: | Container No. TRLU6413190 and HLXU5638176 said to contain 50 packages of aluminum rods and extrusions |
| Amount of Loss: | $25,000.00, plus transit-related costs and prejudgment interest from October 21, 2022 |
| Zurich ref: | 5730079259 |
| KMAZ File No.: | 448003.00027 DYL |